RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/21/11
JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUSISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 05-10022-03 |
|---|---|
| VERSUS | |
| ARCHIE ROY JACKSON | MAGISTRATE JUDGE JAMES D. KIRK<br>JUDGE DEE D. DRELL |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned Magistrate Judge for report and recommendation.

### Statement of the Claim

Before the court is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. §2255 by petitioner Archie Ray Jackson ("Jackson") on September 28, 2011 (Doc. 295). Jackson attacks the validity of his 2007 conviction by a jury in the United States District Court for the Western District of Louisiana, Alexandria Division for conspiracy to distribute 50 grams or less of methamphetamine, establishment of manufacturing operation and attempt to manufacture methamphetamine. Specifically, Jackson contends that his conviction should be vacated because the district court erred in denying his motion to suppress evidence found during a search authorized by a state search warrant.

Jackson was sentenced on October 11, 2007 to 188 months imprisonment on each of the three counts, with all counts to run concurrently, ordered to pay a $300 assessment and ordered serve a term of three years supervised release upon release from

imprisonment.

On October 12, 2007, Jackson filed his notice of appeal with the United States Court of Appeals for the Fifth Circuit (Court of Appeals Docket Number 07-30981). In his appeal, Jackson arguedthat the district court erred when it denied his motion to suppress evidence found in and around his home during a search authorized by a state search warrant.

In an opinion rendered February 3, 2010, the Fifth Circuit affirmed the denial of the motion to suppress and stated that the police would have inevitably discovered the evidence regardless of whether the search warrant was ever issued. Thus, Jackson's conviction was affirmed.

## Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

## Law of §2255

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United

States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or, (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992), cert. denied 504 U.S. 962 (1992). The scope of relief under Section 2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. §2255 is reserved for the transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-231 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the

error. U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

It is well settled in this circuit that once a claim is raised and disposed of on appeal, it cannot be considered in a §2255 motion. United States v. Webster, 392 F.3d 787, 791, fn. 5 (5th Cir. 2004), citing United States v. Kalish, 780 F.2d 506, 508 (5th Cir.) cert. denied, 476 U.S. 1118 (1986). Also, United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994); United States v. Jones, 614 F.2d 80, 82 (5th Cir.) cert. denied sub nom, 446 U.S. 945 (1980); Moore v. United States, 598 F.3d 439, 441 (5th Cir. 1979); Buckalew v. United States, 575 F.2d 515 (1978). As the only claim raised in the instant motion was the exact same claim raised on appeal and found to lack merit, it cannot be considered here.

## Conclusion

Accordingly,

IT IS RECOMMENDED that Jackson's motion to vacate, set aside or correct sentence (Doc. 295) be DENIED.

## Certificate of Appealability

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days

after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed findings of fact and/or the proposed legal conclusions reflected in this Report & Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except on grounds of plain error.** See <u>Douglass v. United States Automobile Assocation</u>, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from his service of this Report & Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

5

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana this 21st day of December, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE